**UNITED STATES DISTRICT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | CR.NO. 08-20-01S |
| | ) | |
| LUIS SANCHEZ | ) | |
| | ) | |

## DEFENDANT'S PRE-TRIAL MEMORANDUM

Now comes the Defendant, Luis Sanchez, in the above-entitled matter, and submits his Pre-Trial Memorandum, and answers as follows:

3a. The Defendant is charged with violating the following laws. I have explained briefly the law as it pertains to each charge.

According to the information provided to the defendant by the Government, the Defendant was leaving an apartment with cocaine which he removed from his pocket and threw to the floor. The police entered the apartment pursuant to a search warrant and located additional drugs in the kitchen and a gun in a closet in another's bedroom which was hidden in a duffel bag. The defendant submits the following case law in which he will rely on to illustrate that he can not be convicted of possession of that firearm in furtherance of a drug trafficking crime. The other issues that I anticipate will be whether or not the Defendant ever possessed the firearm and whether or not, on the facts as the Government has provided to the defendant, he was in possession of the drugs with the intent to deliver or mere possession.

1). Title 18 U.S.C. section 924 ©- Possession of a firearm in furtherance of a drug trafficking crime.

The current version of 18 U.S.C.S. § 924(c)(1)(A), prohibiting the possession of a firearm in furtherance of a drug crime, does not require defendants to have actively employed the firearm in furtherance of the drug crime; however, they must have possessed the gun to further the drug crime. The government must clearly show that a firearm was possessed to advance or promote the commission of the underlying offense. The mere presence of a firearm in an area where a criminal act occurs is not a sufficient basis for imposing the statute's mandatory sentence. Rather, the government must illustrate through specific facts, which tie the defendant to the firearm, that the firearm was possessed to advance or promote the criminal activity. UNITED STATES OF AMERICA, v. OMAR GRACE, 367 F.3d 29 (1st circuit 2004).

Under 18 U.S.C.S. § 924(c), the government must prove that the firearm was possessed to advance or promote the commission of the underlying offense. The mere presence of a firearm in an area where a criminal act occurs is not a sufficient basis for imposing the mandatory sentence under § 924(c). There must be some sufficient nexus between the firearm and the drug trafficking offense. While a sufficient nexus is more readily found in cases where the firearm is in plain view and accessible to the defendant during a drug trafficking offense, the U.S. Court of Appeals for the First Circuit has found a sufficient nexus to exist where the drugs and firearms were not jointly located and easily accessible. In these cases, the Court weighs several factors: whether the firearm was loaded, whether the firearm was easily accessible, the proximity of the firearm to the drugs, and the surrounding circumstances. UNITED STATES OF AMERICA, v. TAVON ROBINSON, 473 F.3d 387 (1st Circuit 2007)

To support a conviction under 18 U.S.C.S. § 924(c)(1)(A), the government need not prove that the defendants actively employed the firearm in furtherance of the charged crime of violence, but it must prove that the firearm was possessed to advance or promote the commission of the underlying offense, mere presence of a firearm, it is said, is not enough. UNITED STATES OF AMERICA, v. LEO V. FELTON; ERICA CHASE, 417 F.3d 97 (1st Circuit 2005).

In order to prove possession of a firearm, the government must show actual possession or constructive possession. Constructive possession exists when a person knowingly has the power and intention at a given time to exercise dominion or control over the area where the contraband is found. The requisite knowledge and intention may be inferred from circumstances but knowledge must be fairly inferable from the circumstances. Constructive possession of a firearm may be established by showing that the person knows (or has reason to know) that the firearm is within easy reach, so that he can take actual possession of it virtually at will. UNITED STATES OF AMERICA v. TAVON ROBINSON 473 F.3d 387 (1st Circuit 2007)

2). Title 18 U.S. C 922(g) (1)-Convicted felon in possession of a firearm

It is anticipated that the defendant and the Government will stipulate that the defendant has been convicted of a felony thereby obviating the need for the Jury to be told what that felony is or for the Government to have to produce that evidence. It is also anticipated that the defendant may stipulate that the firearm in question was in or affecting interstate or foreign commerce.

A conviction under 18 U.S.C.S. § 922(g)(1) requires proof of three elements: (1) that the defendant knowingly possessed a firearm; (2) that the defendant had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year at the time of

the possession; and (3) that the possession was in or affecting interstate or foreign commerce. If a defendant wishes to stipulate to the second of these three elements, evidence beyond the fact of the prior conviction is inadmissible absent adequate trial court findings that its noncumulative relevance is sufficiently compelling to survive the balancing test of Fed. R. Evid. 403 UNITED STATES, v. CHARLES POWELL, 50 F.3d 94 (1st circuit 1995).

In order to prove possession of a firearm, the government must show actual possession or constructive possession. Constructive possession exists when a person knowingly has the power and intention at a given time to exercise dominion or control over the area where the contraband is found. The requisite knowledge and intention may be inferred from circumstances but knowledge must be fairly inferable from the circumstances. Constructive possession of a firearm may be established by showing that the person knows (or has reason to know) that the firearm is within easy reach, so that he can take actual possession of it virtually at will. UNITED STATES OF AMERICA v. TAVON ROBINSON 473 F.3d 387 (1st Circuit 2007).

The term "possession" encompasses not only actual possession but also constructive possession. Constructive possession of an object exists when a person knowingly has the power at a particular time to exercise dominion and control over it. Thus, constructive possession of a firearm may be established by showing that the person knows (or has reason to know) that the firearm is within easy reach, so that he can take actual possession of it virtually at will. UNITED STATES OF AMERICA, v. NESTOR MALDONADO-GARCIA, 446 f.3d 227 (1st Circuit 2006)

The United States Court of Appeals for the First Circuit set forth the standard for establishing constructive possession in United States v. Wight: the government must show that the defendant had dominion and control over the area where the contraband was found. While circumstantial evidence can be used to satisfy this burden, mere presence or association with another who possessed the contraband is insufficient to establish constructive possession, nor is it sufficient to show only that a defendant had access to the weapons. The ability and intent to exercise dominion and control over a firearm or area where it is located, however, is sufficient to support a finding of constructive possession. UNITED STATES OF AMERICA, v. TIMOTHY J. DUVAL and MICHAEL R. DOUCETTE 496 F.3d 64 (1st Circuit 2007).

## Jury questions

The Defendant request the following questions are asked of potential jurors:

Have you or has a member of your family or a close friend ever attended meetings of such groups as Alcoholics Anonymous, Alanon, Narcotics anonymous, etc.?

Have you or has a member of your family or a close friend ever had a drug or alcohol problem?

How do you feel about people accused of selling drugs?

Have you ever known anyone who was accused of selling drugs?

Do you have any strong opinions or feelings abut people accused of distributing cocaine such that it would make it difficult for you to be totally fair and impartial juror?

Have you, or any member of your family or relative, or a friend been the victim of a crime, whether or not there was a formal complaint was ever made, or whether or not there was a conviction?

a. What kind of crime?
b. If so, when did it occur?
c. What were the results?
d. Was the crime ever solved?
e. Did you have to testify at any proceeding in or out of court? What was the result of that proceeding?
f. Were you satisfied with the result?
g. How would your experiences affect you in deciding this case?

Have you or has a member of your family or a close friend ever volunteered at or worked for a substance abuse center or organization?

What are your views on the Government's use of informant's in prosecuting drug cases?

Have you ever had good or bad experience involving law enforcement?

Have you ever owned any weapons or firearms?

Have you ever had a bad experience with any weapons or firearm such that it would make it difficult for you to be a fair and impartial juror?

Is there anything about the nature of this case or for some reason known only to you, which you think would make it difficult for you to try the issues fairly and impartially without any prejudice or bias?

Do you feel that since the Defendant has been charged with this offense that he is, therefore, probably guilty? Do you understand the concept that Mr. Sanchez is presumed innocent of the charges and you are to give him that presumption throughout the trial?

The Defendant, as he sits here, is presumed to be innocent of the charge brought against him. He has no burden to produce evidence or establish his innocence. The burden is completely on the State to prove his guilt beyond a reasonable doubt.

a. Do you disagree with these propositions of law?
b. Are you able to accept them freely and without reservation?

Any person who is charged with a crime, such as Mr. Sanchez is under no obligation to testify in this or any other case. And if he does not testify you cannot hold that against him. You cannot say but I want to hear what his versions of the events are. You have to make your decision solely on the evidence that the Government produces. Can you all promise that you will not hold it against the defendant If I decide he should not testify?

Have you ever been exposed to persons who show or who have shown racial, sexual, religious bias, or ethnic prejudice? Would that experience affect you in any way while serving as a juror In this case?

Are you or are any members of your immediate family or close personal friends employed presently, or have they been employed in the past, in any law enforcement agency, including the office of a prosecutor?

Would you believe the testimony of a law enforcement officer over another witness solely because they are a law enforcement officer or will you be able to keep an open mind and listen to what the witness says and decide for yourselves what the evidence is?

During deliberation, if you have formed an opinion, would it be difficult for you to keep an open mind and listen to the opinion of others?

If a majority of other jurors reached a different conclusion from you after considering the evidence, would you be likely to change your opinion to conform to their simply because their opinion was in the majority?

If you come to the conclusion that the prosecution has not proven the guilt of the accused beyond a reasonable doubt, and you found that a majority of the jurors believed the Defendant was guilty, would you change your verdict only because you were in the minority?

Would you prefer, for any reason, known only to you, not to sit on this case?

If you were to put yourself in the Defendant's place, is there any reason why you would not want someone like yourself to sit on this jury?

Is there anything in any of the questions that I, the Judge or the prosecutor have asked you which causes doubt in your mind as to your ability to reach a verdict based solely upon the evidence offered in this courtroom alone?

Your job will be to assess the credibility of the witnesses, in assessing credibility; I would ask that you look at whether or not any witness has any motive to fabricate or any bias to testify in a certain way. Can you promise me that when you assess the credibility of the witnesses you will look to motive to fabricate or bias in any way?

Have you heard anything about this case from any source whatsoever?
a. If so, what have you heard?
b. Has anything that you have heard caused you to form an opinion about this case?
c. If so, what is that opinion?

Have you served as a juror in this Court or any other Court? If so (a) did you deliberate to a verdict and (b) would your previous experiences as a juror tend to influence your decision in this case in any way?

Have you served on a grand jury? Would your experiences as a grand juror tend to influence your decision in this case in any way?

As reason for this motion Defendant states that such inquiry is reasonably necessary to ferret out hidden prejudices and therefore to permit the selection of a fair and impartial jury in this case.

Respectfully submitted
Terence Livingston, Esq.
for Luis Sanchez

/s/ Terence Livingston, Esq.
Terence Livingston, Esq.
681 Smith Street
Providence, RI 02908
(401) 861-8121

**CERTIFICATION**

I, the undersigned, do hereby certify that I caused to be delivered a true copy of the above pre-trial Memorandum to Sandra Beckner, United States Attorney, Fleet Center, 8th Floor, Kennedy Plaza, Providence, RI 02903, on this the ____ day April 2007.

/s/ Terence Livingston, Esq.