**U.S. Department of Justice**

*United States Attorney*
*District of Rhode Island*

Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

(401) 709-5000
FAX (401) 709-5001

March 18, 2008

Mr. Terence E. Livingston
Attorney at Law
681 Smith Street
Providence, Rhode Island 02908

Re: United States v. Luis M. Sanchez

Dear Mr. Livingston:

This letter is to provide you with the discovery required under Rule 16 of the Federal Rules of Criminal Procedure and the Court's standard pretrial discovery order. In addition, this letter contains the government's requests for discovery under Rule 16.

A. Discovery Under Rule 16

1. Statements made by the defendant to law enforcement are reflected in the enclosed reports.

The defendant did not testify before the grand jury which returned the indictment.

2. The criminal history for the defendant presently known to the government is included.

3. The tangible evidence in the government's possession is available for inspection upon appointment. If you wish to inspect and copy the government's evidence, please let me know and I will make the necessary arrangements. In addition, please be aware that the government may also use diagrams, charts, transcripts, or photographs to facilitate presentation of some of the expected testimony. These items, however, have not yet been prepared and are therefore presently unavailable for inspection.

4. The toxicology reports of the laboratory tests for cocaine base are pending.

5. The government will call forensic chemist Paul Breault to testify to the results of his analysis of the submitted exhibits.

The government intends to call Task Force Agent Joseph Colanduano to testify to the methods and operations unique to narcotics trafficking. Specifically, TFA Colanduano may

testify to the price of crack cocaine; what constitutes a distributable quantity of crack cocaine; the equipment used in narcotics trafficking, including but not limited to the use of cellular telephones, firearms, hides, scales, and packaging material in the drug trade; and, the manner in which crack cocaine is manufactured, transported, sold and used. TFA Colanduano may also testify to the tactics used by law enforcement in conducting narcotics investigations. TFA Dennis Smith or Special Agent Jamie Schiffer may also testify to the above-described methods and operations unique to narcotics trafficking.

The government intends to call Special Agent Kevin McNamara to testify to the interstate nexus on the firearm. That is, SA McNamara will testify that the firearm was manufactured outside the State of Rhode Island. He also will testify that the firearm is capable of expelling a projectile.

The government intends to call Detective Patricia Cornell. Detective Cornell will testify regarding her analysis of the submitted exhibits. Specifically, she will testify that she recovered the defendant's fingerprints from two of scales seized. She may also testify that she compared the fingerprints of the defendant with the fingerprints of the Luis Sanchez who was convicted of Man/Del/Poss w/Intent I/II Controlled Substance and determined that they are the same person. Alternatively, the government may call Michael DeMoranville from the Rhode Island Attorney General's Office to testify that he compared the fingerprints and determined that the defendant was convicted of Man/Del/Poss w/Intent I/II Controlled Substance.

6. In addition to the information provided in this letter and its attachments, the government will provide any material or information which comes to its attention, within the meaning of Giles v. Maryland, 386 U.S. 66 (1967), Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), which tends to negate the guilt of the accused or to reduce his punishment for the offense charged. The government is aware of its continuing duty to disclose exculpatory evidence.

7. The government is not aware at this time of any interceptions of wire or oral communications made pursuant to 18 U.S.C. §§ 2515-2518 to which the defendant was a party.

B. Government's Discovery Requests

1. The government asks that it be permitted to inspect and copy or photograph all tangible evidence which counsel intends to introduce on behalf of the defendant during the presentation of the defense case-in-chief at trial.

2. The government asks that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case which counsel intends to introduce on behalf of the defendant in the defense case-in-chief at trial, or which were prepared by a witness counsel intends to present at trial where the results or reports relate to that witness' testimony.

3. The government requests that the defendant disclose the qualifications of

any expert witnesses that the defendant expects to call at trial and summaries of any expert's testimony.

4. The government requests that the defendant provide the notice required under Rule 12.2 of the Federal Rules of Criminal Procedure in the event the defendant intends to offer a defense of insanity or expert testimony concerning his mental condition.

5. The government requests that, pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure, the defendant provide the government with copies of any and all statements made by witnesses for the defense.

6. The government requests that the defendant provide the notice required under Rule 12.1 of the Federal Rules of Criminal Procedure in the event the defendant intends to offer a defense of alibi.

Sincerely,

ROBERT CLARK CORRENTE
United States Attorney

By: ____________________________
SANDRA R. BECKNER
Assistant United States Attorney

Enclosures:
1. ATF report
2. Search warrants (3 Flora Street and Durango)
3. Providence Incident Report
4. Toxicology Request
5. RI Forensic Science Laboratory results of test for cocaine (test for cocaine base pending)
6. DEA-6 of TFA Dennis Smith
7. State of RI Criminal Complaint
8. Copy of documents seized (18 pages)
9. Evidence Submission Form
10. Report of Investigation - SA Jamie Schiffer
11. Department of Corrections Inmate sheet
12. Specific Query Report (9 pages)
13. Vehicle checks (3 pages)